IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PENGLAI JINFU STAINLESS STEEL PRODUCTS CO., LTD. | : : : | CIVIL ACTION |
| v. | : : | NO. 16-0552 |
| GEEMACHER, LLC | : | |

### MEMORANDUM

**SURRICK, J.**                                                                                     **FEBRUARY  17 , 2016**

Presently before the Court is Plaintiff's Emergency Motion for a Temporary Restraining Order and Injunctive Relief. (ECF No. 3.) For the following reasons, Plaintiff's Motion will be denied.

**I.     BACKGROUND**

   **A.     Factual Background**

This dispute arises out of a breach of contract action. On October 5, 2014, Plaintiff Penglai Jinfu Stainless Steel Products, Co., LTD, a Chinese entity, entered into a sales agreement with Defendant Geemacher, LLC. (Pl.'s TRO Br. 1, ECF No. 3.) Thereafter, Plaintiff and Defendant entered into several additional sales agreements, which required Plaintiff to manufacture, sell, and ship kegs to Defendant in accordance with the written terms. (*Id.*) In return, Defendant was required to pay Plaintiff in accordance with the terms of the contracts. (*Id*. at 1-2.) In 2014, Defendant became unable to perform its contractual obligation. (*Id.* at 2.) It was unable to make payments in accordance with the terms of the agreements or in accordance with the terms of a deferred payment arrangement. (*Id.*) As a result, Plaintiff stopped shipping kegs to Defendant in November 2016. (*Id.*) Plaintiff estimates that Defendant has in its possession kegs worth between $100,000 and $150,000, which have not been paid for. (*Id.*)

Plaintiff also alleges that Defendant has an outstanding invoice balance of $1,344,324,75.  (*Id.*)  To date, Defendant has not paid this balance and has refused to return the kegs to Plaintiff.  (*Id.* at 3.)

Defendant is now insolvent and is seeking to sell all of its assets—including the kegs it has not paid for.  (*Id*. at 2.)  Defendant has entered into negotiations with a proposed buyer.  (*Id.*)  Any proceeds from the proposed asset sale would be insufficient to satisfy Defendant's debt with its largest secured creditor, Covenant Bank.  (*Id.*)  Consequently, Defendant will be unable to use any proceeds from the proposed sale to satisfy its debt with Plaintiff.  (*Id*.)

### B.     Procedural Background

On February 3, 2016, Plaintiff filed a Complaint in this Court, alleging breach of contract, quantum meruit, account stated, and reclamation.  (*See* Compl., ECF No. 1.)  Contemporaneously with the filing of the Complaint, Plaintiff filed the instant Motion for a Temporary Restraining Order and Injunctive Relief.  (Pl.'s TRO Mot.)  Defendant has not yet answered Plaintiff's Complaint.  On February 11, 2016, Defendant filed a Response to Plaintiff's Motion for a Temporary Restraining Order and Injunctive Relief.  (Def.'s TRO Resp., ECF No. 5.)  On February 12, 2016, Covenant Bank filed a Motion to Intervene and Response in Opposition to Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction. (Mot. to Intervene, ECF No. 6)  The Motion to Intervene was unopposed.  A hearing was held on February 16, 2016.

## II.    LEGAL STANDARD

Although federal courts generally apply state law to the substantive issues in diversity actions such as this, a federal standard is used to examine requests to federal courts for preliminary injunctions.  *Figueroa v. Precision Surgical, Inc.*, 423 F. App'x 205, 207-08 (3d Cir. 2011) (citation omitted).  Preliminary injunctive relief is an "extraordinary remedy" and "should

be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). "A temporary restraining order is a 'stay put,' equitable remedy that has as its essential purpose the preservation of the status quo while the merits of the cause are explored through litigation." *J.O. v. Orange Twp. Bd. of Edu.*, 287 F.3d 267, 273 (3d Cir. 2002) (citation omitted). The standard for granting a temporary restraining order under Federal Rule of Civil Procedure 65 is the same as that for issuing a preliminary injunction. *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994). A plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) the probability of irreparable harm if the relief is not granted; (3) that granting injunctive relief will not result in even greater harm to the other party; and (4) that granting relief will be in the public interest. *Id*. (citing *Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)); *see also Allegheny Energy, Inc. v. DQE, Inc.*, 171 F.3d 153, 158 (3d Cir. 1999) (setting forth the four elements for demonstrating need for preliminary injunction). Courts will issue an injunction only if all four factors favor relief. *AT & T v. Winback & Conserve Program, Inc.,* 42 F.3d 1421, 1427 (3d Cir. 1994).

### III.     DISCUSSION

Plaintiff moves for a temporary restraining order to enjoin the sale of Defendant's assets—which include kegs that Defendant has not paid for.

#### A.     Irreparable Harm

For Plaintiff to be entitled to preliminary injunctive relief, it must establish, *inter alia*, irreparable harm. In cases such as this, "the irreparable harm requirement is met if a plaintiff demonstrates a significant risk that he or she will experience harm that cannot adequately be compensated after the fact by monetary damages." *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484-85 (3d Cir. 2000) (citing *Frank's GMC Truck Center*, 847 F.2d at 102-03). "This is not an easy burden." *Id*. at 485. "The preliminary injunction must be the only way of protecting the

plaintiff from harm." *Instant Air Freight Co. v. C.F. Air Freight*, Inc., 882 F.2d 797, 801 (3d Cir. 1989) (citation omitted).

In this case, Plaintiff argues that the potential sale of Defendant's assets presents a danger of irreparable harm because such a transaction "would eliminate the availability of an adequate compensatory or other corrective post-litigation relief." (Pl.'s TRO Br. 5.) It is uncontested that Defendant intends to use the proceeds from the sale of its assets to pay the debt owed to its largest secured lender—Covenant Bank. Moreover, the proceeds would not be sufficient to pay the secured lender in full. (*Id.*) Under these circumstances, Plaintiff would be unable to benefit from the profits of the proposed sale. Recognizing Defendant's inability to meet its financial obligations, Plaintiff contends that injunctive relief halting the sale of Defendant's assets is proper because any later award of money damages will be "uncollectable." (*Id.*) In other words, Plaintiff argues that the harm it faces is irreparable because a money judgment against Defendant would have no practical effect. In response, Defendant argues that Plaintiff's request for injunctive relief cannot be granted because its right to sue for money damages is an adequate remedy at law. (Def.'s TRO Resp. 2.)

Defendant correctly argues that Plaintiff has failed to demonstrate that it "will experience harm that cannot adequately be compensated after the fact by monetary damages." *Adams*, 204 F.3d at 484-85 (citation omitted). Plaintiff's claim against Defendant is a contract dispute that can be litigated to final determination. Any potential harm resulting from Defendant's alleged breach of contract can be adequately compensated by money damages. Plaintiff's demand for a sum certain underscores this determination. In *Instant Air,* the Third Circuit stated: "We have never upheld an injunction where the claimed injury constituted a loss of money or loss capable of recoupment in a proper action at law." 882 F.2d at 801 (citation omitted). Another district court in this circuit succinctly described the details of *Instant Air Freight* as follows:

In that case, Instant Air Freight ("Instant Air") and C.F. Air Freight ("C.F.") entered into a four-year contract under which Instant Air would provide air freight handling services for C.F. Handling C.F.'s freight constituted eighty percent of Instant Air's business. Before the contract had expired, C.F. informed Instant Air that [one of its terminals] would be closed. It was through this terminal that all of the C.F. freight handled by Instant Air passed.

In seeking a preliminary injunction, Instant Air argued that (1) its business would be completely destroyed, (2) it would be required to lay off most, if not all of its seventy employees and (3) its goodwill and business reputation would be destroyed. In short, Instant Air argued, it would "lose everything it has built over the past two decades."

Recognizing that absent an injunction Instant Air would "undoubtedly be forced to shut down or significantly curtail its operations," the district court granted the injunction. On appeal, the Circuit reversed, stating: "The bottom line in this case, as in *Frank's GMC,* centers on the loss of money which Instant [Air] will suffer as a result of the contract termination. Here the money damages which Instant [Air] alleges it is suffering are capable of ascertainment and award at final judgment if Instant [Air] prevails. These money damages will fully compensate Instant [Air] for its losses."

*Bakery Drivers & Salesmen Local 194, IBT v. Harrison Baking Grp., Inc.,* 869 F. Supp. 1168, 1178-79 (D.N.J. 1994) (internal citations omitted) (alterations in original). The Third Circuit's analysis in *Instant Air Freight* demonstrates that any harm faced by Plaintiff can be adequately compensated by money damages. If the law of this circuit requires courts to refrain from granting injunctive relief even when doing so could result in destruction of the moving party's business, then it indeed requires the court to deny such relief here. *See Figueroa*, 423 F. App'x at 211.

Plaintiff has not identified any cases and we are aware of none that suggest that the harm that Plaintiff faces cannot be redressed by money damages simply because Defendant is insolvent. Since Plaintiff has failed to demonstrate the potential for irreparable harm, we need not consider the other elements necessary for the granting of a preliminary injunction.

**B.     Reclamation**

In addition to its request for injunctive relief, Plaintiff asks the court to require Defendant

5

to return any kegs that it has not paid for.  (Pl.'s TRO Mot. 1.)  Plaintiff's request for redress under Pennsylvania's reclamation statute faces insurmountable procedural and substantive hurdles.

As a seller of goods, Plaintiff's contractual remedies are generally limited to the following:  (1) withhold delivery of goods; (2) stop delivery by a bailee; (3) identify goods to the contract notwithstanding breach or salvage unfinished goods; (4) resell and recover the difference between the contract price and the resale price; (5) recover damages for nonacceptance or repudiation, which is measured in terms of either lost profit or lost volume as a result of the canceled sale; (6) seek an action for the price of the goods; (7) cancel the contract; or (8) recover the price of accepted goods in addition to any incidental damages. 13 Pa. Cons. Stat. §§ 2703-2710.  Missing from this list of remedies is an action to reclaim goods provided on credit.  This remedy is codified in 13 Pa. Cons. Stat. § 2702(b), which provides as follows:

> Where the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand within ten days after the receipt, but if misrepresentation of solvency has been made to the particular seller in writing within three months before delivery the ten-day limitation does not apply .
> . . .

13 Pa. Cons. Stat. § 2702(b).

Defendant contends that Plaintiff has failed to assert its reclamation rights within ten days of Defendant's receipt of the kegs at issue—as required by the law.  (Def.'s TRO Resp. 3.)  Plaintiff has neither claimed nor provided evidence demonstrating facts to the contrary.  Moreover, Plaintiff has not made any allegation that Defendant misrepresented its solvency.  As a result, Plaintiff has forfeited the right to any redress under 13 Pa. Cons. Stat. § 2702(b).

In any event, Plaintiff would be unable to prevail under Pennsylvania's reclamation statute on substantive grounds.  Under Pennsylvania law, a seller's right to reclamation is subordinate to the interests of a good faith purchaser.  *See Lavonia Mfg. Co. v. Emery Corp.*, 52

B.R. 944, 945 (E.D. Pa. 1985). "A perfected secured creditor with an interest in after-acquired property is a good faith purchaser within the meaning of [13 Pa. Cons. Stat. §] 2403." *Id.* at 946. Defendant currently owes Covenant Bank an amount in excess of $2,000,000. (Def.'s TRO Resp. 4.) Unlike Plaintiff, Covenant Bank perfected its security interest in and lien against Defendant's assets when it filed UCC financing statements with the Secretary of the State of Pennsylvania. (Mot. to Intervene 1.) As an unsecured creditor, any reclamation rights of Plaintiff are inferior to Covenant Bank's perfected security interest. *Lavonia Mfg.*, 52 B.R. at 947. Accordingly, Plaintiff is not entitled to relief under Pennsylvania's reclamation statute.

## IV. CONCLUSION

Based upon the foregoing, Plaintiff's Emergency Motion for a Temporary Restraining Order and Injunctive Relief must be denied.

An appropriate order follows.

                                             **BY THE COURT:**

                                             */s/ C. Surrick*

                                             **R. BARCLAY SURRICK, J.**